UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SWISS RE CORPORATE SOLUTIONS
AMERICA INSURANCE CORPORATION,　　　　　　CASE NO.: 1:25-cv-24921

　　　　　　Plaintiff,

v.

MIAMI YACHT CLUB, INC., a Florida Not-for-Profit
Corporation, MYC YOUTH SAILING FOUNDATION,
INC.; a Florida Not-for-Profit Corporation, and
WATERFRONT CONSTRUCTION, INC.;
SOFIA RECA, as Legal Guardian of M.Y.;
PIL JYE KO, as Legal Guardian of E.K.H.; TODD
BUCHMAN, as Legal Guardian of A.B.; RHONDA
BUCHMAN, as Legal Guardian of A.B.; KARINA
GRUBER MORENO, as Legal Guardian of C.A.G.;
SAHAR ZIV, as Legal Guardian of E.Z.; OLIVIA DIAZ,
Individually; and JANE/JOHN DOES 1-55.

　　　　　　Defendants.

_____/

## COMPLAINT FOR INTERPLEADER

Plaintiff, SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE CORPORATION, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332(a)(2), hereby file its Complaint for Interpleader and alleges as follows:

### Jurisdiction and Venue

1.　　　This is an action for interpleader pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff is a citizen of Missouri, while all Defendants are citizens of the State of Florida.

2.　　　This action is brought under Federal Rule of Civil Procedure 22, which permits a stakeholder exposed to multiple liability to join all potential claimants in one

action for interpleader.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Miami-Dade County, Florida, within the Southern District of Florida.

### Parties

4.      At all relevant times, Plaintiff, Swiss Re Corporate Solutions America Insurance Corporation, was a corporation organized under the laws of Missouri with its principal place of business in Kansas City, Missouri.

5.      At all relevant times, Defendant, MIAMI YACHT CLUB, INC., is and was a Florida Not-for-Profit Corporation, organized under the laws of Florida and with its principal place of business in Miami-Dade County, Florida.

6.      At all times material hereto, and upon information and belief, Defendant, MIAMI YACHT CLUB INC., owned, operated, and maintained the Miami Yacht Club and the marina located therein, located at 1001 MacArthur Causeway, in Miami-Dade County, Florida.

7.      At all relevant times, Defendant, MYC YOUTH SAILING FOUNDATION, INC., is and was a Florida Not-for-Profit Corporation, organized under the laws of Florida and with its principal place of business in Miami-Dade County, Florida.

8.      At all relevant times, Defendant, WATERFRONT CONSTRUCTION, INC., is and was a Florida corporation, organized under the laws of Florida and with a principal address of 7700 SW 128th Ave., Miami, FL 33183.

9.      Upon information and belief, at all relevant times, Defendant, SOFIA RECA, is and was a citizen of Florida and was otherwise *sui juris.*

10.     Upon information and belief, at all relevant times, Defendant, PIL JYE KO, is and was a citizen of Florida and was otherwise *sui juris.*

11.     Upon information and belief, at all relevant times, Defendants, TODD BUCHMAN and RHONDA BUCHMAN, are and were citizens of Florida and were otherwise *sui juris.*

12.     Upon information and belief, at all relevant times, Defendant, KARINA GRUBER MORENO, is and was a citizen of Washington and was otherwise *sui juris.*

13.     Upon information and belief, at all relevant times, Defendant, SAHAR ZIV, is and was a citizen of Florida and was otherwise *sui juris.*

14.     Upon information and belief, at all relevant times, Defendant, OLIVIA DIAZ, is and was a citizen of Florida and was otherwise *sui juris.*

15.     Upon information and belief, additional unknown individuals sustained injuries or damages as a result of the subject incident, are proper parties to this action, and were citizens of Florida. Such individuals are identified herein as John Doe and Jane Doe until such time as their identities become known.

## FACTUAL ALLEGATIONS

16.     Plaintiff, Swiss Re Corporate Solutions America Insurance Corporation, issued a marine liability policy, Policy No. 50M200792-05 (the "Policy"), to MIAMI YACHT CLUB, INC. and MYC YOUTH SAILING FOUNDATION, INC. (collectively, the "Insureds"), effective July 6, 2025 through July 6, 2026.

17.     The Policy affords Protection and Indemnity (P&I) coverage for damage to property and bodily injury with a combined single limit of $1,000,000, inclusive of defense costs. A copy of the Policy is attached hereto as **Exhibit A**.

3

18.     On or about July 28, 2025, a sailboat owned and/or operated by the Insureds was traveling east toward Hibiscus Island in Biscayne Bay when it collided with a large construction barge located in or near its path.

19.     At the time of the collision, the Insureds owned and operated an enterprise that offers and facilitates programs that teach children the basics of sailing and boat safety.

20.     At the time of the collision, the subject sailboat was owned, operated and/or maintained by the Insureds.

21.     At the time of the collision, the sailboat was insured under the Policy and identified in the Watercraft Schedule as a Hobie Gateway, HIN No.: CCMN37941910.

22.     At the time of the collision, the subject barge was owned, maintained, and operated by Defendant, WATERFRONT CONSTRUCTION INC., which was also the owner of the construction barge and the push tug vessel known as "Wood Chuck," bearing HIN No. FLZN6951A291.

23.     At the time of the collision, the construction barge was being pushed by the tug vessel owned, maintained, and operated by Defendant, WATERFRONT CONSTRUCTION INC.

24.     The subject collision resulted in bodily injuries and/or losses to at least six (6) individuals, including, upon information and belief, Sofia Reca, as Legal Guardian of M.Y.; Pil Jye Ko, as Legal Guardian of E.K.H.; Todd Buchman and Rhonda Buchman, as parents and Legal Guardians of A.B.; Karina Gruber Moreno, as Legal Guardian of C.A.G.; Sahar Ziv, as Legal Guardian of E.Z.; and Olivia Diaz, individually.

25.     Upon information and belief, additional unidentified individuals may have been aboard the subject sailboat at the time of the collision and may have sustained injuries and/or losses as a result of the incident. Such individuals are included as defendants herein as John Doe and Jane Doe until their identities become known through discovery.

26.     The subject collision also resulted in property damage to the sailboat.

27.     To date, one or more Defendants have asserted claims and/or filed lawsuits against the Insured, seeking damages that collectively exceed the total amount of coverage available under the Policy.

28.     Federal Rule of Civil Procedure 22 provides:

(a) Grounds.
(1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
(A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
(B) the plaintiff denies liability in whole or in part to any or all of the claimants.
(b) Relation to Other Rules and Statutes. This rule supplements – and does not limit – the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to – and does not supersede or limit – the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

29.     Pursuant to Federal Rule of Civil Procedure 22 and Rule 67, Plaintiff seeks to deposit its available policy limits into the Court's registry in order to resolve all competing claims asserted or anticipated against the Insureds in connection with the July 28, 2025 collision, in accordance with the Court's interpleader procedures and federal law.

30.     Upon information and belief, the only liability insurance proceeds available to respond to the claims asserted, or that may be asserted, by one or more Defendants against the Insureds are the proceeds available under the Policy, which provides a single limit of $1,000,000 inclusive of defense expenses.

31.     All of the damages claimed by the Defendants have the same origin, *i.e.*, the July 28, 2025 collision.

32.     Plaintiff has no title to or interest in the proceeds of liability coverage that are available under the Policy or how such proceeds should be allocated among the Defendants.

33.     Plaintiff does not have independent liability to any Defendant outside of the alleged damages arising from the collision described above.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)   An Order directing Plaintiff to deposit into the Court's registry the entirety of the amount of coverage which is available under the Policy as of the date of such Order;

(b)   An Order allowing Plaintiff to retain from the Policy proceeds the amount of any defense costs incurred by Plaintiff in defending its insureds against any lawsuits brought as a result of the subject incident, to the extent permitted under the Policy;

(c)   Directing Defendants to interplead any rights to the proceeds available under the terms of the Policy;

(d)   Restraining Defendants from instituting any action against Plaintiff to recover the proceeds under the Policy;

(e)   Discharging Plaintiff from any and all further liability to the Defendants upon payment of the proceeds and any accrued interest into the Court registry; and

(f)      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

By: */s/ Geralyn M. Passaro*
     Geralyn M. Passaro, Esq.
     Florida Bar No. 613533
     Emily C. Nole, Esq.
     Florida Bar No. 1058531

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was

e-filed via the CM/ECF electronic system on this 24th day of October, 2025 and will be

served by process server to all parties named herein.

**LITCHFIELD CAVO LLP**
*Attorneys for Defendant, Swiss Re Corporate Solutions America Insurance Corporation*
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
(954) 689-3000 – Office
(954) 689-3001 – Facsimile
E-Mail: Passaro@LitchfieldCavo.com
E-Mail: Nole@LitchfieldCavo.com
E-Mail: Donaldson@LitchfieldCavo.com
E-Mail: Caruso@LitchfieldCavo.com

By: */s/ Geralyn M. Passaro*
     Geralyn M. Passaro, Esq.
     Florida Bar No. 613533
     Emily C. Nole, Esq.
     Florida Bar No. 1058531