UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 1:25-cv-24921-DPG**

SWISS RE CORPORATE SOLUTIONS
AMERICA INSURANCE CORPORATION,

    Plaintiff,

v.

MIAMI YACHT CLUB, INC., a Florida Not-for-Profit
Corporation, MYC YOUTH SAILING FOUNDATION,
INC.; a Florida Not-for-Profit Corporation, and
WATERFRONT CONSTRUCTION, INC.;
SOFIA RECA, as Legal Guardian of M.Y.;
PIL JYE KO, as Legal Guardian of E.K.H.; TODD
BUCHMAN, as Legal Guardian of A.B.; RHONDA
BUCHMAN, as Legal Guardian of A.B.; KARINA
GRUBER MORENO, as Legal Guardian of C.A.G.;
SAHAR ZIV, as Legal Guardian of E.Z.; OLIVIA DIAZ,
Individually; and JANE/JOHN DOES 1-55,

    Defendants.
_____/

## **DEFENDANT SAHAR ZIV'S ANSWER TO COMPLAINT FOR INTERPLEADER**

Defendant SAHAR ZIV, as Legal Guardian of E.Z., by and through the undersigned counsel, answers the Complaint filed in this action as follows:

### **JURISDICTION AND VENUE**

1. Admitted that Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1332. All remaining allegations are denied.

2. Admitted that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 22.

3. Admitted.

## PARTIES

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies same.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies same.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies same.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies same.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies same.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies same.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies same.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

13. Admitted.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies same.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies same.

## FACTUAL ALLEGATIONS

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies same.

17. Paragraph 17 purports to describe the terms of a written insurance policy, which speaks for itself. Defendant refers the Court to the policy for its contents and denies any inconsistent characterization. Defendant does not admit the alleged limits, scope of coverage, or that defense costs properly reduce any available proceeds.

18. Admitted that a vessel incident occurred on or about the date alleged. All remaining allegations are denied.

19. Admitted that the Insureds operated a youth sailing program. All remaining allegations are denied.

20. Admitted.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies same.

22. Admitted.

23. Admitted.

24. Admitted.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies same.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies same.

27. Admitted that claims arising from the incident may exceed available insurance proceeds.

28. Paragraph 28 quotes or paraphrases Federal Rule of Civil Procedure 22 and asserts legal conclusions to which no response is required. To the extent a response is required, admitted.

29. Admitted that Plaintiff seeks to deposit funds with the Court. Denied as to any entitlement to discharge or limitation of liability.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies same.

31. Admitted.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies same.

33. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies same.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a proper claim for interpleader to the extent Plaintiff has not sufficiently alleged the existence of adverse or conflicting claims to a specific, identifiable fund or has otherwise failed to satisfy the requirements of Federal Rule of Civil Procedure 22. Accordingly, interpleader relief should be denied or limited.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to discharge, injunction, or limitation of liability unless and until it deposits into the Court registry the full amount of all insurance proceeds properly available under any and all applicable policies, together with any accrued interest. Any request for discharge prior to such full deposit must be denied.

**THIRD AFFIRMATIVE DEFENSE**

Defendant denies that defense costs or other expenses may properly reduce, erode, or diminish the proceeds available for distribution unless expressly authorized by clear and unambiguous policy language and applicable law. Plaintiff is not entitled to deduct or withhold defense costs or expenses absent proof of such entitlement.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant denies that the policy identified in the Complaint constitutes the sole or exclusive source of insurance coverage. Defendant expressly reserves the right to assert claims to any additional, excess, umbrella, or alternative insurance coverage or indemnity available to satisfy Defendant's damages.

**FIFTH AFFIRMATIVE DEFENSE**

Nothing in this interpleader action shall operate to waive or impair Defendant's rights to assert extra-contractual, statutory, or common law claims or remedies, including but not limited to claims for bad faith or other relief, against Plaintiff or any other party.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant affirmatively asserts a claim to the interpleaded funds and any insurance proceeds determined to be available and denies that any other claimant has priority over Defendant's entitlement except as determined by further order of the Court.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to amend and add additional information and/or Affirmative Defenses as discovery may reveal are appropriate in this action.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury on all issues so triable as a matter of right.

Dated: February 5, 2026.                    Respectfully submitted,

                                            **GOLDBERG & ROSEN, P.A.**
*Counsel for SAHAR ZIV, as Legal Guardian of E.Z.*
One Biscayne Tower
2 South Biscayne Blvd., Suite 3650
Miami, Florida 33131
Tel: (305) 374-4200
Fax: (305) 374-8024

 */s/ Mustafa H. Dandashly*_____
Judd G. Rosen, Esq., Fla. Bar No.: 0458953
Mustafa H. Dandashly, Esq., Fla. Bar No. 118159
Primary Email: pleadings@goldbergandrosen.com
Secondary: mdandashly@goldbergandrosen.com

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically with the Clerk of Court for the Southern District of Florida, and it is also being served on all counsel of record by using the CM/ECF system this 5th day of February 2026.

                                       By: */s/ Mustafa H. Dandashly*
                                             Mustafa H. Dandashly